**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
CASE NO. 5:23-cv-5**

THE COMMON APPLICATION, INC.

        *Plaintiff,*

    v.

BONCK AMERICA CORPORATION, f/k/a
BEIJING BONCK TECHNOLOGY
AMERICA CORPORATION,

        *Defendant.*

## COMPLAINT

    Plaintiff The Common Application, Inc. ("Common App"), by and through counsel, brings this Complaint against Defendant Bonck America Corporation, f/k/a Beijing Bonck Technology America Corporation ("Bonck"), alleging as follows:

### Nature of the case

    1.    Plaintiff Common App, the proud and lawful owner of Common App trademarks, operates www.commonapp.org, a platform that streamlines the undergraduate admissions process for over 1,000 member colleges and universities in all 50 states and the District of Columbia, as well as other countries throughout the world.

    2.    Defendant Bonck is an infringer, operating the website (www.commonapp.online) using Common App's marks, and committing acts of false designation of origin, false advertising, cyberpiracy, trademark infringement, and unfair competition in order to intentionally mislead the public. Bonck's actions are a flagrant attempt to piggyback on Plaintiff's goodwill in the Common App Marks and to deceive customers into thinking that they are obtaining services from Common App.

3.     Bonck's use of Common App's Marks violates the Lanham Act, 15 U.S.C. §§ 1114 and 1125, infringes on Plaintiff's trademark rights, violates the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, and constitutes common law unfair competition. Plaintiff seeks damages and injunctive relief to stop Bonck's use of the Common App Marks and to protect college applicants from confusion.

## Parties

4.     Plaintiff Common App is a Virginia non-profit nonstock corporation with its principal place of business in Arlington, Virginia. Common App represents more than 1,000 diverse institutions of higher education and connects students and those who support them to a wide array of public and private colleges and universities in the United States and throughout the world.

5.     Defendant Bonck America Corporation, f/k/a Beijing Bonck Technology America Corporation, is a North Carolina corporation with its principal place of business located at 601 Walcott Way, Cary, North Carolina 27519.

## Jurisdiction and Venue

6.     This Court has federal question jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 15 U.S.C. § 1121 for the claims arising out of Bonck's violations of Sections 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114 and 1125. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) for the remaining claims.

7.     This Court has general personal jurisdiction over Bonck pursuant to N.C. Gen. Stat. § 1-75.4(1)(c).

8.     Venue in this district is proper under 28 U.S.C. § 1391 because Bonck resides in this district.

4890-7854-4200.v1

**Factual Allegations**

**I.      The Common Application's business**

9.      Founded in 1975, Common App is a non-profit organization that developed an undergraduate college admission form for prospective students to use to apply to member colleges and universities.

10.      In addition to providing a single, online form and support for all students applying to member colleges and universities, Common App connects students to a mobile app, financial aid and scholarship information, online portfolios, and a vast library of counselor resources available in English and Spanish.

11.      Used by more than three million students, teachers, and counselors every year, the Common App platform streamlines the college admissions process, providing resources and guidance to make college more accessible for students around the world.

**II.      The Common App Marks**

12.      Common App owns the incontestable trademarks COMMON APP and COMMON APPLICATION.  As described below, Common App's valid and subsisting trademarks, issued on the Principal Register in the United States Patent and Trademark Office ("USPTO") and which can be seen in use on its website, commonapp.org, include the word marks COMMON APP and COMMON APPLICATION, including USPTO Registration Numbers 6403954, 5539363, 3305082, 3172809, 3722412, 4065122, and 6502750 (collectively, the "Common App Marks"). *See* Exhibit 1.

13.      Common App has used some of its marks since at least as early as 1976, while others have been in use since at least as early as 1999 in advertising on the Internet through the website commonapp.org.

14.      Screenshots from Common App's website commonapp.org are provided below:

3



**Figure 1-A**



**Figure 1-B**



**Figure 1-C**

4

4890-7854-4200.v1



**Figure 1-D**



**Figure 1-E**

### III. Bonck uses the Common App Marks to compete with Common App

15.     Upon information and belief, Bonck created the website, commonapp.online, in May 2022.

16.     Screenshots from Bonck's website, commonapp.online, are provided below:



**Figure 2-A**



**Figure 2-B**

4890-7854-4200.v1



**Figure 2-C**



**Figure 2-D**



**Figure 2-E**

7

**IV.  Bonck's use of the Common App Marks is likely to cause confusion.**

17.   Bonck's actions cause confusion and have been geared not only towards Common App's student consumers, but also toward Common App's member institutions.

18.   Specifically, Bonck has solicited Common App member institutions, using the Common App Marks to express its intention "to help international students apply to universities and colleges in the United States." In an attempt to perpetuate marketplace confusion, the closing salutation of these solicitations, sent via email was as follows:

> We look forward to hearing back from you.
> **Warm Regards,**
> **CommonApp Team**
> **Website: CommonApp.online**

19.   Furthermore, Bonck is using the Common App Marks to deceive students, and those who support them, into believing that they are at the Common App website, using services provided by the real Common App.

20.   Bonck's use of the Common App Marks in its domain name and throughout its website will likely confuse a prospective customer exercising ordinary caution in his or her dealings. This is especially true given the striking similarities between the two pages including in layout, verbiage and color scheme as shown here with Common App's pages on the left and Bonck's on the right:













## V.     Common App demands that Bonck stop its unlawful conduct but Bonck refuses

21.     On August 19, 2022, Common App sent a cease and desist letter to Bonck's point of contact (Zoe Zheng). A true and correct copy of this letter is attached as Exhibit 2. Among Common App's demands were that Bonck cease and desist using Common App's marks and transfer any domain names containing Common App's marks.

22.     On August 25, 2022, Zheng responded, asserting that "[w]e do not do anything to infringe any intellectual property rights" and that "CommonAPP is an elephant, we are just an ant, this is a free economy…" A true and correct copy of this response is attached as Exhibit 3.

23.     After Bonck received the cease and desist letter, Bonck changed the address on the bottom of its webpage from North Carolina to China. However, Bonck remains registered as a North Carolina corporation.

## COUNT I
## (Trademark Infringement and Unfair Competition in violation of 15 U.S.C. §§ 1114, 1125)

24.  Common App incorporates herein all factual allegations made above.

25.  The Lanham Act protects the owner of registered marks against the use of similar marks if such use is likely to result in consumer confusion.

26.  Common App uses the Common App Marks in connection with the offering of its undergraduate admissions services, including through, among other things, advertising on the Internet through the website commonapp.org.

27.  Through Common App's use of the Common App Marks in connection with the provision of undergraduate admissions services and through its registration with the United States Patent and Trademark Office, Common App owns and possesses the Common App Marks.

28.  Common App's use of the Common App Marks in connection with the provision of undergraduate admissions services over the Internet through the commonapp.org website predates Bonck's use of the Common App Marks.

29.  The Common App Marks are highly recognizable to the public and associated with Common App by the public as a unique resource for streamlining the undergraduate admissions process.

30.  Bonck has used the Common App Marks in commerce, for example via advertising on its website commonapp.online, and without Common App's authorization.

31.  Bonck has used the Common App Marks in connection with the sale, offering for sale, distribution, or advertising of services purportedly related to the undergraduate admissions process.

32.  Bonck's use of the Common App Marks is likely to cause consumer confusion.

10

33.     Bonck used the Common App Marks with full knowledge and awareness of Common App's ownership and past and continued use of the Common App Marks.

34.      Bonck's website demonstrates an intent to confuse and take advantage of the goodwill created in the Common App Marks by Common App.

35.     The foregoing demonstrates that Bonck's actions are willful and deliberate and deprive Common App of the benefit of Common App's goodwill and reputation it has built in the Common App Marks.

36.     Common App has no adequate remedy at law for the foregoing wrongful conduct. Common App has been, and absent injunctive relief will continue to be, irreparably harmed by Bonck's actions.

37.     On information and belief, Bonck has been unjustly enriched at the expense of Common App as a consequence of Bonck's use of the Common App Marks.

38.     Bonck should be ordered to disgorge its profits and other ill-gotten gains received as a result of its willful and intentional use and infringement of the Common App Marks.

39.     Common App is entitled to damages and costs incurred as a result of Bonck's willful conduct.

40.     This is an exceptional case under the Lanham Act, 15 U.S.C. § 1117, entitling Common App to recover its attorneys' fees.

**COUNT II**
**(False Designation of Origin in violation of 15 U.S.C. § 1125(a))**

41.     Common App incorporates herein all factual allegations made above.

42.     The Lanham Act prohibits Bonck from using any word, term, or false designation of origin that is likely to cause confusion or mistake or deceive as to the affiliation, connection, or

11

association of Bonck with another person/company or as to the origin, sponsorship, or approval of Bonck's services or activities by another person/company.

43.     Through Common App's use of the Common App Marks in connection with the provision of undergraduate admissions services and through its registration with the United States Patent and Trademark Office, Common App owns the Common App Marks.

44.     The Common App Marks originated with Common App.

45.     Common App's use of the Common App Marks in connection with the provision of undergraduate admissions services over the Internet through the commonapp.org website predates Bonck's recent use of the Common App Marks.

46.     As described above, Bonck has used the Common App Marks to deceive consumers into believing that they are at the Common App website and using services provided by Common App.

47.     As described above, Bonck's use of the Common App Marks has occurred in interstate commerce, for example via advertising on its website commonapp.online.

48.     As described above, Bonck has used the Common App Marks in connection with the sale, offering for sale, distribution, and advertising of its undergraduate admissions services.

49.     Bonck's use of the Common App Marks falsely and misleadingly represents that its services are associated with, approved by, or originating from Common App.

50.     Bonck's use of the Common App Marks was and is likely to cause confusion as to the association of Bonck with the services provided by Common App.

51.     Common App has used the Common App Marks for many years in connection with their undergraduate admissions services. Bonck is now using an identical mark for the same types

4890-7854-4200.v1

of services, for institutions located in the same geographic markets as Common App member institutions, and through website advertising.

52. Bonck used the Common App Marks with full knowledge and awareness of Common App's ownership and past and continued use of the Common App Marks.

53. Bonck's website demonstrates an intent to confuse and take advantage of the goodwill created in the Common App Marks by Common App.

54. The foregoing demonstrates that Bonck's actions are willful and deliberate and deprive Common App of the benefit of Common App's goodwill and reputation it has built in the Common App Marks.

55. Common App is likely to be injured by Bonck's false and misleading representations that its services are associated with, approved by, or originating from Common App, including by direct diversion of sales and a lessening of goodwill associated with its products.

56. Common App has no adequate remedy at law for the foregoing wrongful conduct. Common App has been, and absent injunctive relief will continue to be, irreparably harmed by Bonck's actions.

57. On information and belief, Bonck has been unjustly enriched at the expense of Common App as a consequence of Bonck's use of the Common App Marks.

58. Bonck should be ordered to disgorge its profits and other ill-gotten gains received as a result of its willful and intentional use of the Common App Marks, false designation of origin, and false representations.

59. Common App is entitled to damages and costs incurred as a result of Bonck's willful conduct.

60. This is an exceptional case under the Lanham Act, 15 U.S.C. § 1117, entitling Common App to recover its attorneys' fees.

**COUNT III**
**(False Advertising in violation of 15 U.S.C. § 1125(a))**

61. Common App incorporates herein all factual allegations made above.

62. The Lanham Act also prohibits deceptive advertising and prohibits advertisers like Bonck from making any claim, in words or substance, that contains express or implied falsehoods.

63. As described above, Bonck has used the Common App Marks to deceive consumers into believing that they are at the Common App website and using services provided by Common App.

64. As described above, Bonck's use of the Common App Marks has occurred in interstate commerce, for example via advertising on its website commonapp.online.

65. As described above, Bonck has used the Common App Marks in connection with the sale, offering for sale, distribution, and advertising of its undergraduate admissions services.

66. Bonck's use of the Common App Marks falsely and misleadingly represents that its services are associated with, approved by, or originating from Common App.

67. Upon information and belief, Bonck's false and misleading representations were material, in that they were and are likely to influence the decision of potential customers regarding whether or not to use its undergraduate admissions services.

68. Upon information and belief, Bonck's misrepresentations have the tendency to deceive a substantial segment of its audience.

69. Bonck has placed these false and misleading representations in commercial advertising in interstate commerce.

14

70. Bonck's use of the Common App Marks was and is likely to cause confusion as to the association of Bonck with the services provided by Common App.

71. Common App has used the Common App Marks for many years in connection with their undergraduate admissions services. Bonck is now using an identical mark for the same types of services, for institutions located in the same geographic markets as Common App member institutions, and through website advertising.

72. Bonck used the Common App Marks with full knowledge and awareness of Common App's ownership and past and continued use of the Common App Marks.

73. Bonck's website demonstrates an intent to confuse and take advantage of the goodwill created in the Common App Marks by Common App.

74. The foregoing demonstrates that Bonck's actions are willful and deliberate and deprive Common App of the benefit of Common App's goodwill and reputation it has built in the Common App Marks.

75. Common App is likely to be injured by Bonck's false and misleading representations that its services are associated with, approved by, or originating from Common App, including by direct diversion of sales and a lessening of goodwill associated with its products.

76. Common App has no adequate remedy at law for the foregoing wrongful conduct. Common App has been, and absent injunctive relief will continue to be, irreparably harmed by Bonck's actions.

77. On information and belief, Bonck has been unjustly enriched at the expense of Common App as a consequence of Bonck's use of the Common App Marks.

4890-7854-4200.v1

78.     Bonck should be ordered to disgorge its profits and other ill-gotten gains received as a result of its willful and intentional use of the Common App Marks, false designation of origin, and false representations.

79.     Common App is entitled to damages and costs incurred as a result of Bonck's willful conduct.

80.     This is an exceptional case under the Lanham Act, 15 U.S.C. § 1117, entitling Common App to recover its attorneys' fees.

## COUNT IV
### (Common Law Trademark Infringement)

81.     Common App incorporates herein all factual allegations made above.

82.     The Common App Marks are valid and protectable trademarks held by Plaintiff Common App.

83.     Bonck has used marks identical or similar to the Common App Marks that are likely to cause confusion among consumers.

84.     Common App's use of the Common App Marks in connection with the provision of undergraduate admissions services over the Internet through the commonapp.org website predates Bonck's use of the Common App Marks.

85.     For the same reasons described above, Bonck is liable for willful common law trademark infringement.

86.     Common App has no adequate remedy at law for the foregoing wrongful conduct. Common App has been, and absent injunctive relief will continue to be, irreparably harmed by Bonck's actions.

16

87.     On information and belief, Bonck has been unjustly enriched at the expense of Common App as a consequence of Bonck's use of the Common App Marks.

88.     Common App is entitled to damages and costs incurred as a result of Bonck's willful conduct.

## COUNT V
### (Cyberpiracy in violation of 15 U.S.C. § 1125(d))

89.     Common App incorporates herein all factual allegations made above.

90.     For the same reasons described above, Bonck is liable for cyberpiracy in violation of 15 U.S.C. § 1125(d).

91.     Common App owns the Common App Marks and has used them in interstate commerce to denote undergraduate admissions services.

92.     Plaintiff's Common App Marks are distinctive because they identify services from Plaintiff in the area of undergraduate admissions services.

93.     Bonck has used the Common App Marks in the Bonck website commonapp.online to denote services that appear to be Plaintiff's but instead compete with Plaintiff.

94.     Bonck uses the website commonapp.online to advertise its undergraduate admissions services that compete with Plaintiff's services.

95.     Common App has no adequate remedy at law for the foregoing wrongful conduct. Common App has been, and absent injunctive relief will continue to be, irreparably harmed by Bonck's actions.

96.     On information and belief, Bonck has a bad faith intent to profit from the Common App Marks and has been unjustly enriched at the expense of Common App as a consequence of Bonck's use of the Common App Marks.

97.     Common App is entitled to damages and costs incurred as a result of Bonck's willful conduct.

98.     This is an exceptional case under the Lanham Act, 15 U.S.C. § 1117, entitling Common App to recover its attorneys' fees.

## COUNT VI
### (Common Law Unfair Competition)

99.     Common App incorporates herein all factual allegations made above.

100.    For the same reasons described above, Bonck is liable for common law unfair competition.

101.    Common App has no adequate remedy at law for the foregoing wrongful conduct. Common App has been, and absent injunctive relief will continue to be, irreparably harmed by Bonck's actions.

102.    On information and belief, Bonck has been unjustly enriched at the expense of Common App as a consequence of Bonck's use of the Common App Marks.

103.    Common App is entitled to damages and costs incurred as a result of Bonck's willful conduct.

## COUNT VII
### (Unfair Competition in violation of N.C. Gen. Stat. § 75-1.1)

104.    Common App incorporates herein all factual allegations made above.

105.    Bonck's actions described above constitute unfair methods of competition and unfair or deceptive trade practices in violation of the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1.

106.    As described above, Bonck's use of the Common App Marks has occurred in and affected commerce, for example via advertising on its website commonapp.online.

18

4890-7854-4200.v1

107.    Bonck's actions described above have proximately caused Plaintiff Common App injury.

108.    Common App has no adequate remedy at law for the foregoing wrongful conduct. Common App has been, and absent injunctive relief will continue to be, irreparably harmed by Bonck's actions.

109.    Common App is entitled to recover its damages caused by Bonck's actions, and for such damages to be trebled pursuant to N.C. Gen. Stat. § 75-16.

110.    As described above, Bonck has willfully engaged in these practices and unwarrantedly refused to cease and desist its unlawful actions, thus Common App is also entitled to an award of Common App's costs and attorneys' fees pursuant to N.C. Gen. Stat. § 75-16.1.

## Prayer for Relief

WHEREFORE, Common App prays:

A.    For judgment that Bonck has violated Sections 32 and 43(a) of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a), and is liable for false designation of origin, false advertising, unfair competition, and trademark infringement, as well as common law trademark infringement and common law unfair competition.

B.    For judgment that Bonck has violated Section 43(d) of the Lanham Act, 15 U.S.C. § 1125(d), and is liable for cyberpiracy.

C.    For judgment that Bonck has violated the North Carolina Unfair and Deceptive Trade Practices Act, N.C. Gen. Stat. § 75-1.1, and is liable for unfair competition and unfair or deceptive trade practices.

D.    For injunctive relief requiring that:

i.    Bonck take down and cease using the website commonapp.online;

ii. Bonck remove all references to "Common App" or use of the Common App Marks from its website commonapp.online;

iii. Bonck, its representatives, and all those persons in active concert or participation with it (including but not limited to all parents, subsidiaries, and affiliates of Bonck) recall and destroy all misleading and false advertising containing the Common App Marks;

iv. Bonck, its representatives, and all those persons in active concert or participation with it (including but not limited to all subsidiaries of Bonck) cease and desist from in any way using the Common App Marks in connection with Bonck's goods, services, or activities;

v. Bonck issue corrective advertising in a form approved by the Court to dispel the confusion and competitive impact and effect of the false representations and use of the Common App Marks previously described;

vi. Bonck transfer its registration for commonapp.online and any registrations or domain names confusingly similar to the Common App Marks to Plaintiff; and

vii. Bonck file with the Court and serve on Plaintiff's counsel within thirty (30) days after entry of an injunction, a report in writing, under oath, setting forth in detail the manner in which Bonck has complied with the Court's orders.

E. For an order directing that Bonck pay Common App the full amount of money damages authorized by law.

F. For an order directing that the aforesaid amounts be trebled or otherwise multiplied or enhanced as authorized by law.

20

G.      For an order directing that Bonck pay Common App all profits Bonck obtained in connection with the acts complained of herein.

H.      For attorneys' fees and costs.

I.      For such other, further, or different relief as this Court may deem just and appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury.

4890-7854-4200.v1

Dated: January 6, 2023

Respectfully submitted,

VENABLE LLP

/s/ Kevin W. Weigand
Nicholas M. DePalma
Kevin W. Weigand
Christian R. Schreiber
8010 Towers Crescent Drive, Suite 300
Tysons, VA 22182
Tel: (703) 905-1455
Fax: (703) 821-8949
nmdepalma@venable.com
kwweigand@venable.com
crschreiber@venable.com

*Counsel for Plaintiff The Common Application, Inc.*
*(Notices of Special Appearance Forthcoming)*

BROOKS, PIERCE, McLENDON,
HUMPHREY & LEONARD, LLP

/s/ Jim W. Phillips, Jr.
Jim W. Phillips, Jr.
N.C. State Bar No. 19662
William A. Robertson
N.C. State Bar No. 53589
P.O. Box 26000
Greensboro, NC 27420
Telephone: (336) 271-3174
Facsimile: (336) 232-9174
Email: jphillips@brookspierce.com
Email: wrobertson@brookspierce.com
*Local Civil Rule 83.1(d) Counsel for*
*Plaintiff The Common Application, Inc.*

22